Burnell, Gillett & Co. v. Dunlap.

---

BURNELL, GILLETT & CO. v. DUNLAP.

1. EVIDENCE: BOOKS OF ACCOUNT. Where the charges in a book account were to "A. B. or B. & G." *held*,

    1. That after the preliminary proof required by the Statute was made, the book was admissable in evidence; and that the alternative

form in which the charges were made could be considered only as affecting the credibility of the evidence.

2. That evidence *aliunde* was admissible for the purpose of explaining the form of the charges.

### *Appeal from Johnson District Court.*

#### MONDAY, APRIL 15.

*Templin & Fairall* for the appellants.

Accounts, settlements and receipts are open to *explanation* and correction. *Byrne* v. *Schwing*, 6 B. Monroe, 199.

And parol evidence is admissable only to show that by fraud or *mistake*, something was inserted, or omitted to be inserted, in the instrument, contrary to the intention of the parties. *Jarvis* v. *Palmer*, 11 Paige 650; *Ring* v. *Ashworth*, *et al*, 3 Iowa, 452.

Here it was sought to explain how and why the charges were made against " B. Alden or Burnell & Gillett," and " B. Alden or Burnell, Gillett & Co." And it is yet to be declared by the courts that an account cannot be explained by a party not in interest. The rule that parol evidence is not admissible to affect that which is written is not applicable to accounts. By written evidence (embraced within the rule) is not meant everything which is in writing, but only that which is of a documentary and more solemn nature, containing the terms of a contract between the parties and designed to be the repository and evidence of their final intentions. 1, *Greenl. Ev.* sec. 275.

Supposing however that the rule above is applicable to accounts. Still if there is a mistake in fact in naming the parties parol evidence may be admitted to rectify it. Swift Ev. P. 38; 6 T. R. 671; 2 P. Wms. 141; Starkie on Ev. *marg. p.* 764; Phil. Ev. (Edwards' notes) Vol. 2, 717 and 18.

As to the entry of " B. Alden or Burnell, Gillett & Co," the rule that where an uncertainty exists as to the .

intention of the parties parol evidence is admissible to show to which person the account was intended to apply. Starkie on Ev. Vol. 2, Marg. Page 768.

*Clarke & Davis* for the appellee.

The defendant sought to make his book his witness, and he should not be allowed to impeach or contradict it. The charges were in the alternative. If he could explain or contradict them in one particular, why not in others. If the charges were intended to be against one party when in fact they are against another, may it not be shown that they were against a third party? Books of account are but secondary evidence, and are admitted only from the necessity of the case. They are submitted to rigid scrutiny and should be admitted with great caution. It must appear that the entries were intended as charges against the identical party against whom they are offered in evidence. 1 Phillipps Ev. (Bank's Ed.) 383; *Rhodes* v. *Gaul*, 4 Rawle 404; *Rogers* v. *Olds*, 5 S. & R. 404; *Smith* v. *Lane*, 12 Ib. 80; *Johnson* v. *Gunn*, 2 Root 130; *Whitney* v. *Corwin*, 5 Vermont, 451.

LOWE, C. J.—Action upon an account for $326,33. The defence was a set-off founded also upon a book account, to prove which the defendant offered two books of original entries marked " A " and " B," and made the necessary preliminary proof. The account as charged in book A was headed as follows, on page 46 : " B. Alden or Burnell & Gillett."

On page 60, "B. Alden or Burnell, Gillett & Co." This heading of the account in the alternative was made the ground of objection to the introduction of book A as evidence, and was sustained by the Court. The defense then called B. Alden as a witness to prove that said accounts were intended to be charged against the plaintiff. Objection being made, this evidence also was excluded by the court on the

ground that it was not competent for the defendants to contradict or explain said books. The ruling of the court in both of these respects was excepted to and is now assigned for error.

The authorities referred to by counsel for the appellants do not meet the precise questions raised by the exceptions, but do illustrate analogous principles. The record in this case shows that the proof preliminary to the admission of book A was regularly made, and that the objection rested upon the fact that the account was charged in the alternative against B. Alden or the plaintiffs. Does such a method of charging an account destroy the competency of the book as evidence, or simply affect its credibility upon the score of uncertainty, if any such really existed? We imagine only the latter. According to our thinking, there is no reason in law why a party may not make just such a charge. Suppose an agent within the scope of his authority contract a debt for his principal and directs the creditors to charge the amount to the principal, or to him, or to both, and the creditor in pursuance of such an agreement makes the charge against both in the alternative, does this vitiate their liability? Clearly the principle would be liable if the debt was contracted for his benefit by an authorized agent; and the agent would be liable by virtue of his original undertaking.

If in a case of this kind the creditor could sue either the agent or the principal, why may he not so make the charge in his books? Under such circumstances their liability would be the same as if they had executed a joint and several note, except in the one case their liability would be in writing, in the other it would rest in parol.

If it was important to a safe and proper adjudication of the rights of the parties in this case, that the reason for making the charge in the alternative in the method above

specified should be explained, we can see no legal impropriety in permitting the witness (Alden) to do so. Such explanation would not necessarily have contradicted or impeached the book; and we do not understand that a book of original entries, when offered in the form of evidence, possesses any more solemnity or absolute verity than do ordinary written contracts between parties; and like them it may be explained for latent ambiguities. If this is the ground of the rejection of Alden's testimony, as the record would seem to indicate, then we are unable to concur in either ruling of the court in regard to book A.

The other errors relied upon are not well assigned, except the one based upon the overruling of the motion for a new trial, and as this must follow from the reversal of the cause, we do not feel that it is necessary to discuss the other points arising under that motion further than the questions of law already noticed.

Judgment reversed and cause remanded.